Michael P. McCloskey, Esq. (SBN 106051)
David J. Aveni, Esq. (SBN 251197)
**WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP**
401 West A Street, Suite 1900
San Diego, CA 92101
Telephone: (619) 321-6200
Facsimile: (619) 321-6201
E-mail: michael.mccloskey@wilsonelser.com
        david.aveni@wilsonelser.com

Attorneys for Defendant
LANTSON E. ELDRED

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>PETER H. POCKLINGTON, LANTSON E. ELDRED, TERRENCE J. WALTON, YOLANDA C. VELAZQUEZ a/k/a LANA VELAZQUEZ a/k/a LANA PULEO, VANESSA PULEO, ROBERT A. VANETTEN, NOVA OCULUS PARTNERS, LLC, f/k/a THE EYE MACHINE, LLC, and AMC HOLDINGS, LLC,<br><br>Defendants.<br><br>EVA S. POCKLINGTON, DTR HOLDINGS, LLC, COBRA CHEMICAL, LLC, and GOLD STAR RESOURCES, LLC,<br><br>Relief Defendants. | **CASE NO. 5:18-cv-00701-JGB-SP**<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>District Judge: Hon. Jesus G. Bernal<br>Magistrate Judge: Hon. Sheri Pym<br><br>Complaint Filed: April 5, 2018<br>Trial Date: Not Set<br><br>Hearing Date: August 13, 2018<br>Hearing Time: 9:00 a.m. |

1

**TO THE COURT, THE PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on Monday, August 13 at 9:00 a.m., or as soon as this motion may be heard in Courtroom 1, located at the George H. Brown Jr. Federal Building and United States Courthouse, 3470 Twelfth Street, Riverside CA 92501-3801, by the Honorable Jesus G. Bernal, or any person sitting in his stead, Defendant Lantson Eldred ("Eldred") will move to dismiss the Complaint filed by the Securities and Exchange Commission (the "SEC") as to them, pursuant to Federal Rule of Civil Procedure 12(b)(6).

This motion is based on this Notice and Motion and accompanying Memorandum of Points of Authorities, and such additional matter as may properly be brought before the Court at or before the hearing of this motion.

Dated: July 5, 2018

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**

By: */s/ Michael P. McCloskey*
Michael P. McCloskey, Esq.
David J. Aveni, Esq.
Attorneys for Defendant
LANTSON E. ELDRED

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendant Lantson E. Eldred ("Eldred") hereby joins in, and incorporates by reference, the motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), and all other papers in support thereof, concurrently filed by defendants Peter Pocklington, Terrence Walton, Robert Vanetten, Nova Oculus Partners, LLC f/k/a The Eye Machine, LLC, AMC Holdings, LLC, and Relief Defendants Eva Pocklington, DTR Holdings, Cobra Chemical, LLC, and Gold Star Resources, LLC.

In support of his motion to dismiss, Eldred further states as follows:

## I. DISCUSSION

### A. Under The SEC's Complaint, Eldred Could Not Be The "Maker" Of Any Alleged Misrepresentation.

The SEC's claims against Eldred under Section 10(b) and Rule 10b-5(b) and Section 17(a)(2) must be dismissed. Under the SEC's own allegations in its Complaint, Eldred could not be the "maker" of any of the alleged misrepresentations or omissions.

As further detailed in the incorporated motion to dismiss filed concurrently by The Eye Machine and other defendants, the Supreme Court has held that to state a claim under Rule 10b-5, a plaintiff must adequately demonstrate that the defendant was the "maker" of the alleged misstatement or omission. "For purposes of Rule 10b-5, the maker of a statement is the person or entity with ultimate authority over the statement, including its content and whether and how to communicate it." *Janus Capital Group, Inc. v. First Derivative Traders*, 564 U.S. 135, 142 (2011). Merely assisting in the preparation of a statement, even if the assistance was significant, does not render that person a "maker" of that statement. *Id.* at 142, 147-48; *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 693 n.8 (9th Cir. 2011).

/ / /

/ / /

/ / /

MOTION TO DISMISS
1913730v.1

Case No. 5:18-cv-00701-JGB-SP

Here, the SEC's Complaint expressly and repeatedly alleges the individual with ultimate authority over The Eye Machine was Peter Pocklington, and that Lantson Eldred was nothing more than a "figurehead" who served as the "visual front" for the company. The Complaint alleges that while the Private Placement Memoranda stated Eldred was The Eye Machine's manager, those statements were misleading because it was Pocklington, *not Eldred*, who had actual authority and control over The Eye Machine. For example, the Complaint alleges:

- "[T]o prevent investors from learning that he is in control of Eye Machine, [Pocklington] had his co-defendant, Lantson E. Eldred ("Eldred"), *serve as the 'visual front' of the company, while Pocklington controlled the company from behind the scenes*." (Complaint ¶ 5 (emphasis added).)
- "The statements in the PPMs regarding Eldred's role as manager of Eye Machine were misleading *because Pocklington was the one who actually controlled Eye Machine*." (Complaint ¶ 54 (emphasis added).)
- "Contrary to what was disclosed to investors, *Pocklington had ultimate decision-making authority and control over Eye Machine . . .*" (Complaint ¶ 55 (emphasis added).)
- "Pocklington himself acknowledged that he made the 'big picture decisions' for the company, and described *Eldred as the 'visual front' of the company who was nothing more than a 'figurehead.'*" (Complaint ¶ 57 (emphasis added).)

In short, the SEC's Complaint repeatedly alleges that Pocklington was the one who had complete and ultimate control over The Eye Machine, and that Eldred lacked such control. The SEC is the master of its own Complaint, so regardless of whether those fact allegations are true (which is not relevant on a motion to dismiss), the SEC is bound by them.

///

4

1   The way the SEC has pled its Complaint, Eldred cannot be the "maker" of the alleged misstatements and omissions because the SEC alleges he was nothing more than a "figurehead" with no actual authority over The Eye Machine's affairs, including its offering of securities. If Eldred did not have any actual authority and control over The Eye Machine, he could not be the one with ultimate authority over the statements made by The Eye Machine, including the alleged misrepresentations and omissions asserted in the Complaint. Consequently, under *Janus Capital*, 564 U.S. at 142, the SEC's claims against Eldred under Rule 10b-5 and Section 17(a)(2) must be dismissed.

### B. Aiding And Abetting Liability Is Defeated When The Primary Violation Fails

In its sixth claim for relief, the SEC alleges Eldred is liable for aiding and abetting violations of Section 17(a) of the Securities Act and Section 10(b) of the Securities and Exchange Act. To establish a claim for aiding and abetting liability under either act, the SEC must demonstrate (1) a primary violation, (2) substantial assistance in the primary violation, and (3) scienter. *See SEC v. Fehn*, 97 F.3d 1276, 1289 (9th Cir. 1996).

As set forth above, the SEC fails to state a claim for primary violations of either Section 17(a) of the Securities Act or Section 10(b) of the Securities and Exchange Act. As a result, its claims for aiding in abetting those violations necessarily fail as well.

## II. CONCLUSION

Eldred respectfully requests the SEC's Complaint be dismissed for the reasons set forth in the motion to dismiss filed by defendants Peter Pocklington, Terrence Walton, Robert Vanetten, Nova Oculus Partners, LLC f/k/a The Eye Machine, LLC, AMC Holdings, LLC, and Relief Defendants Eva Pocklington, DTR Holdings, Cobra Chemical, LLC, and Gold Star Resources, LLC. Further, the SEC's claims against Eldred under Section 10(b) and Rule 10b-5(b) and Section 17(a)(2) should be

1  dismissed because under the SEC's Complaint, Eldred could not be the "maker" of
2  the alleged misrepresentations.  Finally, because the SEC fails to state a claim for
3  primary violations of Section 10(b) or Section 17(a), its claims for aiding and
4  abetting those violations fail as well.

6  Dated: July 5, 2018                    **WILSON, ELSER, MOSKOWITZ,**
7                                         **EDELMAN & DICKER LLP**

9                                         By: */s/ Michael P. McCloskey*
10                                            Michael P. McCloskey, Esq.
                                              David J. Aveni, Esq.
                                              Attorneys for Defendant
11                                            LANTSON E. ELDRED