UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>PETER H. POCKLINGTON, LANTSON E. ELDRED, TERRENCE J. WALTON, YOLANDA C. VELAZQUEZ a/k/a LANA VELAZQUEZ a/k/a LANA PULEO, VANESSA PULEO, ROBERT A. VANETTEN, NOVA OCULUS PARTNERS, LLC, f/k/a THE EYE MACHINE, LLC, and AMC HOLDINGS, LLC,<br><br>　　　　　　　Defendants.<br><br>EVA S. POCKLINGTON, DTR HOLDINGS, LLC, COBRA CHEMICAL, LLC, and GOLD STAR RESOURCES, LLC,<br><br>　　　　　　　Relief Defendants. | Case No. 5:18-cv-00701-FLA (SPx)<br><br>**FINAL JUDGMENT AS TO RELIEF DEFENDANT EVA S. POCKLINGTON [DKT. 178]** |

**FINAL JUDGMENT AS TO EVA S. POCKLINGTON**

The Securities and Exchange Commission (the "Commission") having filed a Complaint and Relief Defendant Eva S. Pocklington ("Relief Defendant") having entered a general appearance; consented to the court's jurisdiction over Relief Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction and except as otherwise provided herein in paragraph III); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

**I.**

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Relief Defendant is jointly and severally liable with Defendant Peter Pocklington for disgorgement of $130,382.00, representing net profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $19,601.74, for a total of $149,983.74. Relief Defendant shall satisfy this obligation by paying $149,983.74 to the Securities and Exchange Commission within 30 days after entry of this Final Judgment.

Relief Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Relief Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to:

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number,

and name of this court; Eva S. Pocklington as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Relief Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Relief Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Relief Defendant.

The Commission shall hold the funds (collectively, the "Fund") until further order of this court.  The SEC may propose a plan to distribute the Fund subject to the court's approval, and the court shall retain jurisdiction over the administration of any distribution of the Fund.

The Commission may enforce the court's judgment for disgorgement and prejudgment interest by using all collection procedures authorized by law, including, but not limited to, moving for civil contempt at any time after 30 days following entry of this Final Judgment.  Relief Defendant shall pay post judgment interest on any amounts due after 30 days of entry of this Final Judgment pursuant to 28 U.S.C. § 1961.

## II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Relief Defendant shall comply with all of the undertakings and agreements set forth therein.

## III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the allegations in the complaint are true and admitted by Relief Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Relief Defendant under this Final Judgment or any other

judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Relief Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

## IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

## V.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: May 9, 2022

FERNANDO L. AENLLE-ROCHA
United States District Judge

3